# IN THE COURT OF APPEALS OF IOWA

No. 18-1071
Filed September 12, 2018

**IN THE INTEREST OF T.S.,**
**Minor Child,**

**J.S., Father,**
　　　Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton Ploof, District Associate Judge.

A father appeals the juvenile court's termination of his parental rights. **AFFIRMED.**

Randall L. McNaughton of Randall McNaughton Attorney at Law, Davenport, for appellant father.

Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

Patricia A. Rolfstad, Davenport, guardian ad litem for minor child.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A father appeals the juvenile court's termination of his parental rights. We find the record supports termination and it is in the child's best interests. We affirm the decision of the juvenile court.

## I.      Background Facts & Proceedings

J.S. is the father and A.K. is the mother of T.S., born in 2015.[1] The Iowa Department of Human Services (DHS) had been involved with the family before T.S.'s birth due to concerns regarding the mother's substance abuse, mental health, and lack of stable housing.[2] T.S. tested positive for marijuana at birth. S.F., A.K.'s child born in 2014 and still in the home, tested positive for marijuana and methamphetamine in March 2016. The parents did not comply with requested drug testing in May or June.

On July 7, 2016, T.S. and S.F. were removed from the home after S.F. was adjudicated a child in need of assistance (CINA). The two were placed in foster care due to concerns relating to the mother's untreated mental-health and substance-abuse problems.[3] On August 19, the court adjudicated T.S. as a CINA pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2016). In its adjudication order, the court noted the parents recently tested negative for controlled substances and stated it expected T.S. to return to the parents if they continued to test negative and the mother treated her mental-health needs.

---

[1]  The mother's petition on appeal was untimely and accordingly denied by our supreme court.

[2]   The mother has a long history with DHS involving substance abuse and two prior terminations.

[3]  The DHS case originated with S.F., and the CINA case, services, and discussions were more often directed at or concerned the mother than the father.

The parents made good progress, and the children were returned to the parents' custody on October 19. In February 2017, both children tested positive for marijuana and methamphetamine while in the parents' care.[4] They were removed on February 27, and placed in family foster care. The parents initially suggested the drugs causing the positive tests for the children in February were the result of residue in the apartment or a friend who stayed with them. T.S. has not returned to the father's care since removal.

The father admits to a long history of prescription amphetamine use. In early March, the father tested positive for methamphetamine, and he admitted to several years of methamphetamine use to supplement his prescription drugs. Shortly after the positive test result, the father entered outpatient substance-abuse treatment and successfully completed it in early June. In the termination hearing, he denied an addiction to methamphetamine, while admitting to past use, and again blamed the apartment for the children's exposure.

The court granted the parents an extension on September 26, as the parents were testing free of drugs, and the father had completed substance-abuse treatment and parenting programming, but specified further progress was necessary for reunification. At a permanency hearing on January 4, 2018, the court noted the lack of significant progress toward the court-ordered goals, including mental-health treatment and drug tests when requested, and modified the permanency goal to termination and adoption.

---

[4] Neither parent tested positive for methamphetamine at that time. The mother tested positive for marijuana. The father tested positive for his prescription medication.

On January 31, the State filed a petition to terminate the parents' rights. In March, a sibling was removed from the parents' home and placed with the same foster family as T.S.

At the termination hearing on May 2, the court heard testimony from the DHS worker, the person supervising home visits, and both parents. The DHS worker expressed concern for the father's positive drug test after completing substance-abuse treatment, his failure to appear at several drug tests, his residing with the mother when she used controlled substances while pregnant with his children, his failure to report his addiction to his doctor, sporadic employment, and lack of mental-health counseling. The father testified that if it came down to him living away from the mother with only T.S., he was unsure whether he could do it, and expressed he did not want to separate the siblings.

On June 5, the court terminated the father's parental rights to the child under Iowa Code section 232.116(1)(d) and (h) (2018).[5] The father appeals.

## II.     Standard of Review

The scope of review is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re K.C.*, 660 N.W.2d 29, 32 (Iowa 2003).

---

[5]   The juvenile court also terminated A.K.'s parental rights to T.S. and S.F.

### III.    Sufficiency of the Evidence

The court terminated the father's parental rights to T.S. under Iowa Code section 232.116(1)(d) and (h).  "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence."  *D.W.*, 791 N.W.2d at 707.  We determine the court properly terminated the father's parental rights under section 232.116(1)(h).

The first three elements of termination under subsection (h) are unquestionably met: age of T.S., CINA adjudication, and length of removal from the father's physical custody.  The fourth element is the child cannot be returned to the parent's custody at the present time.  In order to support this fourth element under section 232.116(1)(h), the State must show by clear and convincing evidence the child cannot be returned to the parent because the child cannot be protected from the harm justifying the CINA adjudication.  *See* Iowa Code §§ 232.102(6)(a)(2), .116(1)(h)(4).  T.S. was adjudicated CINA for the parents not exercising a reasonable degree of care in supervision and for the parents' mental condition or drug abuse resulting in a lack of adequate care.  *Id.* § 232.2(6)(c)(2), (n).

When asked at the termination hearing if he was able to live alone and take care of T.S. if the child was returned that day, the father answered, "I don't know." The court noted his inability to protect his children, born and unborn, from exposure to drugs.  The court described him as a "passive parent," and we agree with that characterization.  While he followed specific directions to go to substance-abuse treatment and to complete the parenting program, he failed to follow through with court-ordered drug testing or participate in Family Wellness court, did not attend

medical appointments for the child, and did not sign releases or arrange for the child to receive necessary medical and dental care when the mother refused to take action. Each time the parents progressed, they would miss drug tests or a parent or child would test positive for controlled substances, and the parents would refuse to take responsibility for the exposure. In short, the father has not demonstrated a willingness to take responsibility for past neglect or take proactive steps to see to the needs and best interests of his child. We conclude the father's parental rights were properly terminated under section 232.116(1)(h).

## IV. Best Interests and Exceptions

The father claims termination of his parental rights is not in the child's best interests due to their close bond. In determining the child's best interests, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* § 232.116(2); *In re A.S.*, 906 N.W.2d 467, 474 (Iowa 2018). We consider the child's long-range as well as immediate best interests. *In re T.P.*, 757 N.W.2d 267, 269 (Iowa Ct. App. 2008). If the child is in foster care, the extent of integration into the family is considered. *In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016). Once a ground for termination has been proven, we cannot deprive a child of permanency on the hope a parent will learn to be responsible and reliable. *In re A.B.*, 815 N.W.2d 764, 777–78 (Iowa 2012).

Section 232.116(3)(c) provides the court need not terminate if there is clear and convincing evidence that termination would be detrimental to the child due to

the closeness of the parent-child relationship. The provisions of section 232.116(3) are permissive, not mandatory. *M.W.*, 876 N.W.2d at 225.

The worker observing the home visits specifically testified the father was bonded with the child. The court found the father loved his child, had maintained significant and meaningful contact, and made genuine efforts to reunify with the child.

However, the court also found, based on DHS testimony, the child had bonded with the foster family. In his testimony, the father spoke of his reluctance to disturb the close bond between T.S. and S.F., who will stay with the foster family and not return to the parents. T.S. and S.F. have been in foster care for twenty of the last twenty-four months, and T.S. has lived with the current foster family longer than with the parents. The foster family has integrated T.S., S.F., and their sibling into the family to the extent permitted by the parents, who have consistently resisted any attempts by the foster parents to act as a family.

Additionally, T.S. was under the age of one when initially removed and adjudicated CINA, with only four months in the parents' care since the original removal. Any bond that exists between the father and the child is limited, considering the child's young age and extended time out of the parents' home. Under these circumstances, we find it is not appropriate to apply this exception and conclude that termination is in the child's best interests.

We affirm the juvenile court's termination of the father's parental rights.

**AFFIRMED.**